1

2

3

4

5

6

D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiff

7

8

9

10

11

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND-SAN FRANCISCO DIVISION

12

13

14

15

16

17

18

19

| THE CENTER FOR INVESTIGATIVE REPORTING, | ) ) ) | Case No. _____ |
|---|---|---|
| Plaintiff, | ) ) ) | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) ) | |

20

21

22

23

24

25

26

27

28

## **INTRODUCTION**

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief.  The Center for Investigative Reporting ("CIR") seeks expedited processing and release of agency records unlawfully withheld by Defendant the United States Department of Justice ("DOJ") in response to a FOIA request.

2.     On November 10, 2017, Plaintiff submitted a Freedom of Information Act request (the "Request") to the Federal Bureau of Investigation ("FBI"), a component of the DOJ, regarding the FBI's investigations of an incident that occurred on June 2, 1965, in which two Washington Parish Sheriff's Office deputies were ambushed by the Ku Klux Klan.

3.     To date, Defendant has made no final determination on the Request and has failed to comply with statutory time deadlines.

4.     DOJ's failure to provide a timely and adequate response is of particular public concern because these matters involve an incident of important historical significance which also has immense repercussions for current events involving race in America.

5.     The public interest in the release of these documents has been ongoing since it occurred.

6.     Plaintiff now ask the Court for an injunction requiring DOJ to promptly release withheld records.

<strong><u>PARTIES</u></strong>

7.     Plaintiff CIR publishes *Reveal*, an online news site at revealnews.org and produces *Reveal*, a weekly public radio show with approximately 1 million listeners a week.  Founded in 1977, as the first national investigative news organization, CIR has received multiple awards for its reporting.  CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California.

8.     Defendant DOJ is a department of the executive branch of the U.S. government and an "agency" within the meaning of 5 U.S.C. §552(f)(1).  FBI is a component of DOJ and is charged with keeping terrorists out of the United States.  DOJ has its headquarters in Washington, D.C. and offices all over the country, including in Oakland and San Francisco, California.

<strong><u>JURISDICTION</u></strong>

9.     The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

<strong><u>VENUE AND INTRADISTRICT ASSIGNMENT</u></strong>

10.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402.  Plaintiff CIR has its principal place of business in this district.

11.     Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff is located.

## FACTUAL BACKGROUND

### FBI File Regarding David Creed Rogers and Oneal Moore

12.     On June 2, 1965, in Varnado, Louisiana, armed Klansmen riding in a pickup truck waving a confederate flag ambushed and gunned down Washington Parish Office Deputies Oneal Moore and David Creed Rogers while they were on duty.  Department of Justice, *David Creed Rogers, O'Neal Moore – Notice to Close File*, No. 1144-32-928 (March 10, 2016) (hereinafter "DOJ Notice to Close"), *available at* https://www.justice.gov/crt/case-document/david-creed-rogers-o-neal-moore-notice-close-file.

13.     The two law enforcement officers were the first African Americans hired as deputies in the parish.  Deputy Creed Rogers survived the attack, but Deputy Moore, the driver of the patrol unit, was killed.  No one was ever convicted.

14.     The FBI extensively investigated the case in the aftermath of the shooting and continued investigating the incident in subsequent decades until finally closing the case in 2016.  *Id.*  The FBI investigated during various time periods, including 1965-67, 1989-1991, 1992-96, and on and off from 2001 until 2016.  *Id.*

15.     On February 26, 2007 Rogers passed away.  *See David Creed Rogers, 84; deputy shot in suspected racist attack in 1965*, L.A. TIMES, March 4, 2007, http://articles.latimes.com/2007/mar/04/local/me-rogers4.

16.     In addition to Rogers, as noted by the FBI, many of the subjects and witnesses involved in the case also passed away, "taking their secrets with them."  DOJ Notice to Close.

17.     In March 2016, the Chief of the Criminal Section of the Civil Rights Division of the U.S. Department of Justice recommended that the case be closed given the enormous amount of resources that had been devoted to solving the case and the little credible, admissible evidence that

had been yielded. *Id.* Assistant United States Attorney Tracey Knight for the Eastern District of

Louisiana, agreed with the recommendation. *Id.*

18.     Since the incident of June 2, 1965, the case has garnered immense public attention

and interest.  In addition to being an important story in historical texts, the story was the focus of

various television episodes, news reports, as well as academic writing. *See, e.g.*, *O'Neal Moore*,

UNSOLVED MYSTERIES, https://unsolved.com/gallery/oneal-moore/, Dec. 31, 1990; Richard

Serrano, *Answers Elusive in 1965 Slaying*, L.A. TIMES, June 26, 2002; James Coomarasamy, *FBI*

*Reopens file on race hate murders*, BBC NEWS, May 30, 2007,

http://news.bbc.co.uk/2/hi/americas/6699925.stm; *FBI Seeks Help In Civil Rights Cold Cases*,

CBSNEWS.COM, Nov. 23, 2009;  Larry Keller, *Deputy Sheriff's Murder Still Unsolved*, SOUTHERN

POVERTY LAW CTR. May 29, 2009, https://www.splcenter.org/fighting-hate/intelligence-

report/2009/deputy-sheriffs-murder-still-unsolved.

19.     Prior to the case being closed in 2016, the Louisiana State University Manship

School of Mass Communications Cold Case Project submitted a request to the FBI for files

pertaining to the June 2, 1965 incident in an effort to understand more about the case.  The School

obtained copies of the case file (44A-NO-49207) from the FBI but the documents were heavily

redacted.

20.     Since the FBI closed the case, the agency has not released any additional records or

removed redactions from any previously disclosed records on its investigations.

21.     Given the importance of these records in the public discourse, CIR plans to produce

news stories on the issue.  CIR has obtained consent from at least one extant relative related to Mr.

Moore, the subject of this case.  A copy of the waiver is attached hereto as Exhibit 1.

//

//

//

//

**The FOIA Request**

22.    By letter dated November 10, 2017, CIR submitted through its reporter Rachel DeLeon, a FOIA request to FBI (hereinafter "the Request") seeking records pertaining to the June 2, 1965 incident.  A copy of the Request is attached hereto as Exhibit 2.

23.    Plaintiff's Request seeks

    a.    Any records involving the FBI's investigation of the above referenced case from 1965 until March 2016 when the case was closed.

    b.    Unredacted copies of the documents released to the Louisiana State University Manship School of Mass Communications.

24.    Plaintiff sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  *Id.* § 552(a)(4)(A)(iii).

25.    Plaintiff sought a waiver of search and review fees on the grounds that the Reveal qualifies as a "representative of the news media" and that the records are not sought for commercial use.  *Id.* § 552(a)(4)(A)(ii).

26.    Plaintiff also sought expedite processing.

27.    By letter dated November 22, 2017, the FBI sent a letter to the requester acknowledging the receipt of the request and categorizing Plaintiff as a representative as the news media in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II).  A true and correct copy of that response is attached as Exhibit 3.

28.    That same day the FBI issued a letter denying expedited processing. A true and correct copy of that response is attached as Exhibit 4.

29.    By letter dated December 12, 2017, the FBI sent a letter stating that "unusual circumstances" apply to the processing of the Request.  A true and correct copy of that response is attached as Exhibit 5.

//

30.     On February 7, 2018, Ms. DeLeon contacted FBI to inquire about the Request and a timeframe for processing.  She was told that the request was being preprocessed.

31.     Because DOJ failed to comply with FOIA's requirement that an agency will respond to the Request within the statutory time period, Plaintiff exhausted all administrative remedies and now seeks injunctive and all other appropriate relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

32.     Plaintiff repeats and realleges paragraphs 1–31.

33.     DOJ has failed to act on Plaintiff's Request within the time required by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(i).  Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

34.     DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

35.     DOJ has wrongfully withheld requested records.

36.     Plaintiff is entitled to an order compelling DOJ to search, produce, and disclose records responsive to the Request.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.     Declare that Defendant DOJ violated FOIA by failing to comply with the time period required by FOIA and notifying Plaintiff of any determination;

2.     Declare that DOJ violated FOIA by denying expedited processing;

3.     Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

4.     Order Defendant, by a certain date, to demonstrate that it has conducted an adequate search;

//

//

5.      Order Defendant DOJ to provide the requested documents to Plaintiff within 20 business days of the Court's order, or in the alternative, provide for expedited proceedings to adjudicate Plaintiff's rights under FOIA;

6.      Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA;

7.      Enjoin Defendant from improperly withholding records responsive to Plaintiff's request; and

8.      Grant Plaintiff such other and further relief as this Court may deem just and proper.

DATED:  March 6, 2018

Respectfully submitted,

By: /s/
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
vbaranetsky@revealnews.org

Attorney for Plaintiff